# LEEDS BROWN LAW, P.C.
One Old Country Road, Ste. 347
Carle Place, NY 11514
(516) 873-9550

_____ *Attorneys at Law*_____

January 30, 2014

**Via ECF**
The Honorable Joseph F. Bianco
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722-9014

        **Re**:    Monette v. County of Nassau., 11-CV-0539 (JFB)(AKT)

Dear Judge Bianco:

    This office represents the Plaintiff, Denis Monette. We write in follow up to today's discussion of the propriety of maintaining a New York State Division of Human Rights claim against the individual defendant in the absence of a notice of claim.

    Preliminarily, we note that the notice of claim requirements under the Education Law are different than the County Law. See Edwards v. Jericho Union Free Sch. Dist., 904 F. Supp. 2d 294, 303 (E.D.N.Y. 2012). Numerous courts, including State Courts and Federal Courts in New York State, have held that a notice of claim need only be filed against an individual County employee when the County has an obligation to indemnify the employee. Such obligation arises when the Defendant was acting within the scope of his employment. Wharton v. County of Nassau, 2013 WL 4851713 (N.Y. Sup. Ct. Sept. 10, 2013) (dismissing NYSHRL against County because, among other reasons, plaintiff failed to file notice of claim, but noting claims could proceed against individuals because County was not obligated to indemnify employees for intentional torts); Poux v. County of Suffolk, 2010 WL 1849279, *13 (E.D.N.Y. 2010) (noting an employee acts outside the scope of employment when when motivated by his own interests instead of those of his employer (quotations omitted)); Knox v. County of Ulster, 2013 WL 286282, *9 (N.D.N.Y. Jan. 24, 2013); Costabile v. County of Westchester, 485 F. Supp. 2d 424, 432 (S.D.N.Y. Apr. 25, 2007); see also Smith v. Scott, 294 A.D.2d 11, 18-19 (2d Dep't 2002); Cosgrove v. County of Suffolk, 11-CV-3112, DE #28, 19-1 (dismissing NYSHRL law claims against Suffolk for failure to file notice of claim, but not against individual).

    If the jury were to find that Mr. Mulvey intentionally discriminated against the Plaintiff, such conduct would be outside the scope of his employment and he would not be entitled to indemnification. Accordingly, a notice of claim was not required to be filed before suit.

Thank you for your consideration of these matters.

                                                                           Respectfully submitted,

                                                                           LEEDS BROWN LAW. P.C.

                                                                           s/_____
                                                                             RICK OSTROVE
                                                                        MATTHEW WEINICK

cc:      Marc Wenger, Esq. (via ECF)